UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

HELEN SWARTZ, Individually, :
:
        Plaintiff, :
vs. :
: Case No.
:
THE RITZ-CARLTON HOTEL COMPANY, :
L.L.C., a Delaware Limited Liability Company, :
:
        Defendant. :
_____/

# COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, THE RITZ-CARLTON HOTEL COMPANY, L.L.C., a Delaware Limited Liability Company d/b/a The Ritz-Carlton Sarasota (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## COUNT I

1. Plaintiff, Helen Swartz, is an individual residing in Miami, FL, in the County of Sarasota.

2. Defendant's property, The Ritz-Carlton Sarasota Hotel, is located at 1111 Ritz-Carlton Drive, Sarasota, FL, in the County of Sarasota.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the Defendant does business within this judicial district.

1

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter. The Plaintiff visits Sarasota from time to time to socialize with friends, to dine and to shop.

6. Helen Swartz visited the property which forms the basis of this lawsuit from January 19 through January 20, 2021, and has reservations to return to the Hotel from August 8 through August 9, 2021, to visit with old high school friends from Glen Cove and Sag Harbor. Ms. Swartz also wishes to avail herself of the goods and services available at the property, and to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Ritz-Carlton Sarasota, and is located at 1111 Ritz-Carlton Drive, Sarasota, FL.

8. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property

2

as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Helen Swartz desires to visit The Ritz-Carlton Sarasota, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Ritz-Carlton Sarasota has shown that violations exist. These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

   a. A vehicle pull-up space is not provided on the site. This is in violation of section 503.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

   b. The check-in counter is too high. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility.

   c. Accessible seating at the tables and bars around the hotel buildings are not provided to a person using a wheelchair. This is in violation of sections 226 and 902

3

of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the tables and bars; 28 CFR §36.201, §36.202, §36.304.

      d.      Access is not provided to eat at the Lido Key Tiki Bar. This denied Plaintiff the full and equal opportunity to receive the same service as an abled individual. This is in violation of sections 302 and 402 of the 2010 Standards for Accessible Design 28 CFR §36.201, §36.202 and §36.304.

      e.      The elevator keypad is out of reach to a person who must use a wheelchair. This is in violation of sections 407.2.1.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the pad.

      f.      The key card to open the Wellness Center door does not stay open long enough for a person in a wheelchair to tap the keypad and then enter the room. This is in violation of section 404.2.8 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

      g.      Items such as the towels and the assorted hand sanitizers in the Fitness and Wellness Center are out of reach to a person in a wheelchair. This is in violation of section 309 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

      h.      The gate entry/exit operable hardware to gain access to enter the pool, and garden area are out of reach to a person in a wheelchair. This is in violation of section 404.2.7 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202 §36.304. This condition denied the Plaintiff access to areas in and around the hotel.

      i.      The outdoor pool fixed shower head is too high. This is in violation of section 608.6 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

      j.      The pool lift is not capable of unassisted operation from both the deck and water levels. This is in violation of section 1009.2.7 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition denied the Plaintiff to independently access any of the pool lifts at the facility.

      k.      In the accessible guestroom, #207 a maneuvering clearance is not provided to the adjoining guestroom. This is in violation of section 404.2.4 of the 2010

Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  l. In the accessible guestroom, #207, the exterior space to enter or exit is not accessible. This is in violation of section 806.2.2 of the 2010 Standards for Accessible Design. §36.304. This conditioned denied the plaintiff to access the balcony, which is in violation of §36.201, §36.202 and §36.304 as this denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

  m. In guestroom #207, which hotel deemed an accessible guestroom, a turning space is not provided to be able to access the HVAC and/or the lamp. This is in violation of section 806.2.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  n. In the accessible guestroom #207, which hotel deemed an accessible guestroom, the operable part on light fixture requires tight grasping, pinching, or twisting of the wrist. This is in violation of sections 309.4 and 806 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  o. In the accessible guestroom #207, which hotel deemed an accessible guestroom, the flush control is on the closed side of the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  p. In the accessible guestroom #207, which hotel deemed an accessible guestroom, an object is spaced too close to the side grab bar behind the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  q. In the accessible guestroom #207, which hotel deemed an accessible guestroom, the toilet paper dispenser is improperly positioned by the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  r. In guestroom #207, which hotel deemed an accessible guestroom, a folding shower seat is not provided in the roll-in shower. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition

made it difficult for the plaintiff to access the facility.

  s.  In guestroom #207, which hotel deemed an accessible guestroom, the shower spray unit in the roll-in shower does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  t.  In guestroom #207, which hotel deemed an accessible guestroom, the shower control in the accessible guestroom roll-in shower is out of reach to a person who must use a wheelchair. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  u.  In guestroom #207, which hotel deemed an accessible guestroom, the mirror in the accessible guest bathroom is too high. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  v.  In guestroom #207, which hotel deemed an accessible guestroom, items in the guestroom and bathroom are out of reach to a person who needs to use a wheelchair. This is in violation of sections 308, 309, 404, 806 and 811of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  w.  In guestroom #207, which hotel deemed an accessible guestroom, the mat in the bathroom is not securely attached to the floor surface. This is in violation of section 302.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  x.  A maneuvering is not provided to exit the Jill bathroom.  This is in violation of section 404.2.4 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to exit the facility.

  y.  The mirror in the Jill bathroom is too high.  This is in violation of section 603.3 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

  z.  The grab bars by the water closet in the Jill bathroom are improperly

mounted. This is in violation of section 604.5 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

aa. The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1).

bb. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

11. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,

1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Ritz-Carlton Sarasota to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

18.     Prior to the filing of this lawsuit, Plaintiff's counsel conducted a thorough PACER search to determine whether prior ADA cases had been filed in the Middle District of Florida against the instant property, and failed to encounter any related ADA cases.

**WHEREFORE,** Plaintiff respectfully requests:

   a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

   b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to

require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
### Negligence

19.  Plaintiff realleges all allegations heretofore set forth.

20.  Defendant, through its activities and past ventures and experience, knew or reasonably should have known its duties to the impaired.  Defendant had a duty to Plaintiff to remove ADA accessibility barriers, and adopt policies and procedures, as mandated by the ADA, so that Plaintiff, as a disabled individual would have full and equal access to the subject public accommodation.

21.  Defendant breached this duty.

22.  Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem.

23. Discrimination against individuals with disabilities persists in the use and enjoyment of public accommodations.

24. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals.

25. The ADA has been the law of the land since 1991, but Defendant has negligently denied Plaintiff her civil rights by maintaining architectural barriers that preclude the Plaintiff from the full and equal use of the subject premises, and that endangered and continues to endanger Plaintiff's safety. This negligent conduct of the Defendant has also caused Plaintiff damage by virtue of segregation, discrimination, relegation to second class citizen status and the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

**WHEREFORE,** Plaintiff prays for relief, as follows:

A. For finding of negligence; and

B. For damages in an amount to be proven at trial; and

C. For such other and further relief as the Court may deem just and proper.

Dated:   February 3, 2021                     Respectfully submitted,

*/s/   Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (FBN 0180470)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

*Attorney for Plaintiff Helen Swartz*